IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JAMES BALLARD,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**THE TOWNSEND CORPORATION and TOWNSEND TREE SERVICE COMPANY, LLC,**<br><br>**Defendants.** | Civil Action No. _____ |

## COMPLAINT

Plaintiff James Ballard hereby asserts a claim for due but unpaid overtime wages against Defendants The Townsend Corporation and Townsend Tree Service Company, LLC, showing the Court as follows:

**INTRODUCTION**

1.

In this Fair Labor Standards Act collective action, 29 U.S.C. § 201 *et seq.*, Plaintiff seek to recover unpaid overtime wages from his former employers, The Townsend Corporation and Townsend Tree Service Company, LLC (hereinafter collectively "Townsend" or "Defendants"). Specifically, Defendants paid Plaintiff at an agreed-upon hourly rate (higher than the minimum wage) for the first 40 hours worked per week, and then paid him at a substantially lower rate for hours worked per week in

excess of 40. Defendants disguised these underpayments of overtime by categorizing them as "other pay" on Plaintiff's paystubs. Additionally, Defendants failed to compensate Plaintiff for time worked during scheduled meal breaks that were not taken, for compensable daily preparation activities, and for compensable travel time.

**JURISDICTION AND VENUE**

2.

The subject matter jurisdiction of this Court is proper pursuant to Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, as this case arises under the FLSA, a federal statute which affects interstate commerce.

3.

The Townsend Corporation (hereinafter "Townsend Corp.") is a foreign corporation existing under the laws of the State of Indiana and registered to do business in the State of Georgia.

4.

Townsend Corp. may be served with process via service on its registered agent for service, CT Corporation System, 289 S. Culver St, Lawrenceville, Gwinnett County, Georgia, 30046-4805.

5.

This Court has personal jurisdiction over Townsend Corp. because it regularly conducts business and offers its services within the Northern District of Georgia.

6.

Townsend Tree Service Company, LLC (hereinafter "Townsend LLC") is a foreign limited liability company existing under the laws of the State of Indiana and registered to do business in the State of Georgia.

7.

Townsend LLC may be served with process via service on its registered agent for service, CT Corporation System, 289 S. Culver St, Lawrenceville, Gwinnett County, Georgia, 30046-4805..

8.

This Court has personal jurisdiction over Townsend LLC because it regularly conducts business and offers its services within the Northern District of Georgia.

9.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**EMPLOYMENT RELATIONSHIP**

10.

Townsend Corp., is engaged in the business of vegetation management, power line clearance, herbicide package and application, electric utility line construction, storm damage relief, and the manufacturing, installation and maintenance of custom control panels.

11.

Townsend LLC is a subsidiary of Townsend Corp. It administers and issues payroll checks for all Townsend Corp. tree crew members and is the entity that purported to employ Plaintiff and other Townsend tree crew members.

12.

Townsend Corp. and Townsend LLC are Plaintiff's joint employers because both benefit from Plaintiff's work, both control the terms of Plaintiff's employment, and they operate as a single enterprise through interlocking controls and with common management and ownership.

13.

Plaintiff worked on Townsend tree crews from approximately February 26, 2016 through April 19, 2018 (hereinafter "the Relevant Time Period").

14.

During the Relevant Time Period, Plaintiff worked for Townsend as a machine foreman and as a general foreman.

15.

During the Relevant Time Period, Plaintiff was an "employee" of Townsend Corp., within the meaning of 29 U.S.C. § 203(e)(1).

16.

During the Relevant Time Period, Plaintiff was an "employee" of Townsend LLC within the meaning of 29 U.S.C. § 203(e)(1).

### INDIVIDUAL COVERAGE UNDER THE FLSA

17.

During the Relevant Time Period, Plaintiff frequently traveled across state lines to complete the work assigned to him by Townsend.

18.

During the Relevant Time Period, Plaintiff was individually engaged in commerce as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

### ENTERPRISE COVERAGE UNDER THE FLSA

19.

Throughout the Relevant Time Period, Townsend employees regularly handled and used the following goods or materials that moved through commerce for Townsend's business purpose: tree trimming equipment, gasoline, trucks, computers, cell phones, and hand tools.

20.

During 2015, Townsend had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

During 2015, Townsend had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

During 2015, Townsend had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During 2015, Townsend was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

24.

During 2016, Townsend had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

During 2016, Townsend had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A).

26.

During 2016, Townsend had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

During 2016, Townsend was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

28.

During 2017, Townsend had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

During 2017, Townsend had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

During 2017, Townsend will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

During 2017, Townsend was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

32.

During 2018, Townsend had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

33.

During 2018, Townsend had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

34.

During 2018, Townsend will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

35.

During 2018 and to the present, Townsend has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

36.

At all times during the Relevant Time Period, Townsend was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

## NON-EXEMPT EMPLOYEES UNDER THE FLSA

37.

During the Relevant Time Period, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

38.

During the Relevant Time Period, Townsend did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

39.

During the Relevant Time Period, Townsend did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

40.

During the Relevant Time Period, Townsend did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213(a).

41.

During the Relevant Time Period, Townsend did not employ Plaintiff on a salary basis of at least $455 per week.

42.

During the Relevant Time Period, Townsend paid Plaintiff on an hourly basis for the first forty hours worked each week.

43.

When overtime premiums were specifically authorized by Townsend customers, Townsend would occasionally pay Plaintiff overtime premiums for hours worked over 40 per week.

44.

Typically, however, when Plaintiff worked in excess of 40 hours per week, Townsend falsified Plaintiff's time and pay records and recorded only 40 hours worked.

45.

Townsend's typical practice was to disguise payments overtime hours as "other pay" on Plaintiff's paystubs.

46.

Townsend's payments to Plaintiff for overtime hours, when paid at all, were paid at a rate of less than one-and-one-half times Plaintiff's regular hourly rate.

47.

During the Relevant Time Period, Townsend classified Plaintiff as an FLSA non-exempt employee.

48.

During the Relevant Time Period, Defendants deducted 30 minutes from Plaintiff's compensable work time each day for meal breaks.

49.

Plaintiff was not completely relieved of his duties during purported meal breaks and was expected and required to perform work during purported meal breaks.

50.

Each day, Plaintiff was required to perform preparatory activities prior to leaving home.

51.

Defendants did not compensate Plaintiff for preparatory activities he performed each work day.

52.

In the majority of workdays during the Relevant Time Period, Plaintiff was required to drive 20 to 30 minutes out of his way in a company vehicle to provide transportation to other Townsend employees.

53.

Defendants did not compensate Plaintiff for time spent transporting other Townsend employees to worksites.

54.

Plaintiff was often required to perform work for Townsend on weekends.

55.

Townsend typically did not compensate Plaintiff for time spent working on weekends.

56.

Pursuant to 29 C.F.R. § 778.110, for all hours worked in excess of forty in any given workweek, Defendants were required to pay Plaintiff one and one-half times his regular hourly rate.

57.

When Plaintiff worked over 40 hours in a workweek (even excluding the time spent on meal breaks, pre-shift work, travel, and weekends), Defendants did not pay him at one and one-half times his regular hourly rate, but at a lower rate, which was misidentified as "other pay" or "contract labor" on Plaintiff's payroll documents.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES PURSUANT TO 29 U.S.C. § 207

58.

During the Relevant Time Period, Plaintiff was an employee covered by the FLSA's maximum hour provisions set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

59.

Plaintiff worked for Townsend in excess of forty (40) hours per week during a large majority of workweeks throughout the Relevant Time Period.

60.

Townsend failed to pay Plaintiff at one-and-one-half times his regular rate of pay for work in excess of forty (40) hours in every relevant workweek.

61.

Upon information and belief, in failing or refusing to pay Plaintiff overtime wages as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiff was subject to any exemption from the overtime pay provisions of the FLSA.

62.

Upon information and belief, in failing or refusing to pay Plaintiff overtime wages as required by the FLSA, Defendants have not relied on any legal advice indicating that Plaintiff was subject to any exemption from the overtime pay provisions of the FLSA.

63.

Townsend's failure to pay Plaintiff all required overtime premiums was willful, extending the relevant statute of limitations to three years before the date this action was filed.

64.

Plaintiff is entitled to payment of overtime wages in an amount to be determined at trial, in accordance with 29 U.S.C. § 216(b).

65.

Plaintiff is entitled to liquidated damages in an amount equal to his unpaid overtime wages in accordance with 29 U.S.C. § 216(b).

66.

Plaintiff is entitled to recover his litigation costs, including reasonable attorney's fees, in accordance with 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays that the Court:

a) Take jurisdiction of this matter;

b) Grant a trial by jury as to all matters properly triable to a jury;

c) Issue an Order holding each Defendant to be Plaintiff's "employer" under the FLSA;

d) Issue a judgment declaring that Plaintiff was covered by the maximum hour provisions of the FLSA and that each Defendant has failed to comply with the maximum hour requirements of the FLSA;

e) Award Plaintiff proper payment for each overtime hour worked, calculated at one and one-half times the regular rate, and liquidated

        damages equaling 100% of unpaid overtime due to Plaintiff, as required by the FLSA;

f)     Award Plaintiff prejudgment interest on all amounts owed to the extent that liquidated damages are not awarded;

g)     Award Plaintiff nominal damages;

h)     Award Plaintiff his reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

i)     Award any and such other further relief this Court deems just, equitable and proper.

This 27th day of June 2018.

                                            Respectfully submitted,

                                            **DELONG, CALDWELL, BRIDGERS,**
                                            **FITZPATRICK & BENJAMIN, LLC**

                                            */s/ Charles R. Bridgers*
3100 Centennial Tower              Charles R. Bridgers
101 Marietta Street                Ga. Bar No. 080791
Atlanta, Georgia 30303
(404) 979-3171                     */s/ Matthew W. Herrington*
(404) 979-3170 (f)                Matthew W. Herrington
charlesbridgers@dcbflegal.com    Ga. Bar No. 275411
matthew.herrington@dcbflegal.com

                                            **Counsel for Plaintiffs**